UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

                                        Plaintiff,

            v.

STEVE BLAKEMAN, JERRY McHAFFIE,
and C/O WEED,

                                        Defendants.

No. C10-5544 BHS/KLS

ORDER GRANTING STAY OF
DISCOVERY AND RE-NOTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

On February 15, 2011, Defendants filed a motion for summary judgment and a motion to stay discovery. ECF No. 13. That motion is noted on the court's calendar for March 18, 2011. *Id.* Plaintiff now files an "Expedited Motion to Renote Defendants' Motion for Summary Judgment and Deny Defendants' Motion to Stay Discovery." ECF No. 14. For the reasons set forth below, the court finds that discovery in this matter should be stayed. Plaintiff should also be granted an additional thirty days to respond to Defendants' motion for summary.

**BACKGROUND**

Plaintiff filed his civil rights complaint in this case on August 24, 2010. ECF No. 5. Plaintiff claims that Defendants Blakeman, McHaffie and Weed violated his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act

ORDER- 1

(RLUIPA), when they confiscated his religious materials, specifically a book entitled "How to be a Jew," in October 2007 while Plaintiff was housed in the Intensive Management Unit (IMU) at Clallam Bay Corrections Center (CBCC).  *Id.*

## DISCUSSION

**A.    Defendants' Motion to Stay Discovery**

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit discovery.  Fed. R. Civ. P. 26( c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).  When government officials raise the issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the court.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926.

The *Harlow* qualified immunity standard, is meant to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government."  457 U.S. at 817.  For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful.  *Anderson*, 483 U.S. at 646 n. 6.  If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved.  *Id*.

ORDER- 2

In their motion for summary judgment, Defendants argue that they are entitled to qualified immunity. ECF No. 13, p. 11. In response, Plaintiff states that he is awaiting Defendants' responses to a "2d Supplement to Discovery Request No. 1," which was served on the Defendants on February 7, 2011. ECF No. 14, p. 3. Plaintiff states generally that the "request[s] . . . are relevant and will be used" in his response to the Defendants' motion for summary judgment. *Id.* Defendants respond that the discovery Plaintiff seeks is largely duplicative of previous discovery productions, request legal conclusions, or answer questions which are already addressed in their motion for summary judgment. ECF No. 16, p. 3.

Rule 56(f) of the Federal Rules of Civil Procedure provides that if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, he cannot present facts essential to justify his opposition, the court may deny the motion or order a continuance. A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987).

Plaintiff has not met his burden under Rule 56(f). His unsupported conclusion that the discovery he seeks is relevant is not sufficient. The court finds that the appropriate course here is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required.

ORDER- 3

1

**B.      Motion for Continuance of Defendants' Motion for Summary Judgment**

2

Plaintiff seeks a continuance of Defendants' Motion for Summary Judgment based on his

3

claim that he is awaiting discovery responses and because he is scheduled to be transferred to

4

another facility.  ECF NO. 14, p. 5.  As noted above, Plaintiff has failed to state good cause for

5

an extension based on any outstanding discovery.  With regard to his anticipated transfer,

6

Defendants are not opposed to a thirty day extension of their summary judgment to ensure

7

adequate time for Plaintiff to receive his legal materials.

8

9

Accordingly, it is **ORDERED:**

10

(1)      Defendants' motion to stay discovery (ECF No. 13) is **GRANTED.**

11

(2)      Defendants' motion for summary judgment (ECF No. 13) is **RE-NOTED to**

12

**April 22, 2011.**  Plaintiff's response to the motion is now due on **April 18, 2011.**

13

(3)      Plaintiff's motion (ECF No. 14) is **DENIED.**

14

15

(4)      The Clerk shall send copies of this Order to Plaintiff and to counsel for

16

Defendants.

17

18

**DATED** this 16th day of March, 2011.

19

20

Karen L. Strombom
United States Magistrate Judge

21

22

23

24

25

26

ORDER- 4