# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DENNIS FLORER,

        Plaintiff,

  v.

STEVE BLAKEMAN, et al.,

        Defendants.

CASE NO. C10-5544

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME

This matter comes before the Court on Plaintiff's ("Florer") motion for extension of time to file objections to the magistrate judge's Report and Recommendation ("R&R"). Dkt. 21. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion as discussed herein.

## I. DISCUSSION

On May 31, 2011, Magistrate Judge Karen L. Strombom entered an R&R in this matter. Dkt. 21. On June 7, 2011, Florer moved the Court for an extension of time to file his objections. Dkt. 22. On June 14, 2011, Defendants responded in opposition to the motion for extension of time. Dkt. 24. On June 17, 2011, Florer replied.

Florer seeks an extension of time so that he may obtain his legal records, which would need to be transferred from his former place of incarceration, Washington State Penitentiary ("WSP") to his current place of incarceration, Monroe Correctional Complex - Intensive Management Unit ("MCC-IMU"). Florer previously sought these records but did not have sufficient funds to pay the invoice. Declaration of Michael R. Meyer (Dkt. 24-1, "Meyer Decl.").

ORDER - 1

Defendants argue that Florer's motion lacks merit because he previously had an opportunity to review his legal records prior to his transfer and good cause is not shown by Florer arguing now that he did not retain the appropriate files during his transfer to the MCC-IMU. The Court is not persuaded by Defendants' argument that Florer's motion lacks merit.

Pursuant to the Department of Corrections' ("DOC") policy, DOC 440.020, the DOC will transport at state expense two shipping boxes. This two-box limit does not apply to legal documents needed to meet a court imposed deadline. When legal documents are required to meet a court deadline, they will also be shipped at state expense. *See* Dkt. 24-1 (copy of DOC's transport of offender property policy, DOC 440.020(I)(B)(2)(a)).

Florer has shown good cause to obtain a 60-day extension on the time to file his objections to the R&R based on his showing that he does not currently have access to the full extent of his legal records, which may be helpful in filing his objections. Because Florer will need these legal documents to comply with a Court deadline, ordered herein, the transfer of such legal documents will be at state expense. *See* DOC 440.020.

## II. ORDER

Therefore, it is hereby **ORDERED** that Florer's motion for extension of time is **GRANTED** as discussed herein. Florer **SHALL file** his objections no later than September 1, 2011. Defendants may reply to the objections in accord with the local rules, and the motion is hereby **RENOTED** to September 7, 2011.

DATED this 29th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge