UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS FLORER,

        Plaintiff,

v.

STEVE BLAKEMAAN; et al.,

        Defendants.

CASE NO. C10-5544BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), and Plaintiff's ("Florer") objections to the R&R (Dkt. 28).

This case arises out of Florer's challenge to the treatment he received while housed in the Intensive Management Unit ("IMU") of the Clallam Bay Corrections Center ("CBCC"). *See generally, e.g.*, Dkts. 21 (R&R), 28 (objections to R&R). Specifically, Florer filed this action alleging that the IMU violated his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA), 42 U.S.C. § 2000cc to 2000dd-1.

ORDER - 1

1   In short, it is undisputed that Florer obtained some religious texts from the

2   Chaplain Duncan at CBCC. It is undisputed that these books facilitate Florer's exercise of

3   his religion, Judaism. It is further undisputed that these books were confiscated from

4   Florer. What is disputed is whether confiscation of these religious texts or the manner in

5   which confiscation occurred violated Florer's rights as alleged.

6   The magistrate judge correctly set out the applicable law to decide this case:

7   In some ways the analyses of a First Amendment Free Exercise claim and
    one under RLUIPA, mirror one another, but RLUIPA mandates a stricter
8   standard of review for prison regulations. *Shakur v. Schriro*, 514 F.3d 878,
    888 (9th Cir. 2008). RLUIPA provides for the strict scrutiny of a religious
9   infringement, while the First Amendment merely requires a rational basis
    analysis. *See Cutter v. Wilkinson*, 544 U.S. 709, 125 S. Ct. 2113, 161 L. Ed.
10  2d 1020 (2005); *Henderson v. Terhune*, 379 F.3d 709, 715 n. 1 (9th Cir.
    2004).
11          The First Amendment to the United States Constitution states in
    pertinent part, "Congress shall make no law respecting an establishment of
12  religion, or prohibiting the free exercise thereof . . . ." In order for a
    religious claim to merit protection under this clause, the claim must first
13  meet two criteria: (1) the proffered belief must be sincerely held; and (2)
    "the claim must be rooted in religious belief, not in 'purely secular'
14  philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir.
    1981). That is, "whether the plaintiff's claim is related to his sincerely held
15  religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *see also
    Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). If a regulation infringes on
16  a "sincerely held religious belief" it is only valid if it is "reasonably related
    to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107
17  S. Ct. 2254, 96 L. Ed. 2d 64 (1987).
            Similarly, RLUIPA provides in relevant part:
18              No government shall impose a substantial burden on
            the religious exercise of a person residing in or confined to an
19          institution ... even if the burden results from a rule of general
            applicability, unless the government demonstrates that
20          imposition of the burden on that person
            (1)   is in furtherance of a compelling governmental interest; and
21          (2)   is the least restrictive means of furthering that compelling
                  governmental interest.
22

1     42 U.S.C. § 2000cc-1(a). To establish a RLUIPA violation, the plaintiff
bears the initial burden to prove the defendants' conduct places a
2     "substantial burden" on his "religious exercise." *Warsoldier v. Woodford*,
418 F.3d 989, 994 (9th Cir. 2005). Once the plaintiff establishes a
3     substantial burden, defendants must prove the burden both furthers a
compelling governmental interest and is the least restrictive means of
4     achieving that interest. *Id.* at 995. RLUIPA is "to be construed broadly in
favor of protecting an inmate' right to exercise his religious beliefs."
5     *Warsoldier*, 418 F.3d at 995 (citing 42 U.S.C. § 2000cc-3(g)).

6 Dkt. 21 at 9-10.

7     Based on the facts taken in the light most favorable to Florer, and applying the

8 foregoing applicable law, the magistrate judge concluded that

9     [Florer] has not met his burden of showing a substantial burden or
infringement on his ability to practice his religion. [Florer] does not dispute
10     that alternative means were available to him or that they were not sufficient.
In fact, there is nothing in the record to suggest that [Florer] ever persued
11     the alternative means provided to him by [Department of Correctsions
("DOC")] policy.
12
*Id.* at 15. The Court agrees with the magistrate judge's conclusion. Whether or not
13
confiscation occurred in accord with DOC policy is immaterial as to whether Florer's
14
constitutional rights were violated.
15
    Although Florer objects to the R&R and argues that he could not have obtained the
16
religious texts, he has failed to provide the Court with competent evidence that he ever
17
pursued alternative means to obtain the religious texts that were undisputedly confiscated
18
from him, and the Court is left without a basis on which to find that a question of fact
19
exists as to whether his rights were, in fact, violated. Therefore, Florer's objections to the
20
R&R are unavailing.
21

22

ORDER - 3

1     The Court having considered the R&R, Plaintiff's objections, and the remaining

2 record, does hereby find and order as follows:

3     (1)    The R&R is **ADOPTED**; and

4     (2)    Defendants' motion for summary judgment (Dkt. 13) is **GRANTED**.

5     Dated this 27th day of September, 2011.

                                  BENJAMIN H. SETTLE
                                  United States District Judge